**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barrington Investments of Arizona LLC,<br><br>Plaintiff,<br><br>v.<br><br>US Bank National Association, et al.,<br><br>Defendants. | No. CV-19-05084-PHX-SMB<br><br>**ORDER** |

Pending before the Court is Defendants Motion to Dismiss, (Doc. 14, "Mot."). Plaintiff Barrington Investments of Arizona LLC responded, (Doc. 19, "Resp."), and Defendants replied, (Doc. 21, "Reply"). Plaintiff requested oral argument, but the Court elects to resolve the motion without it. *See* L.R. Civ 7.2(f). Considering the parties' motions and relevant case law, the Court enters the following Order:

**I.   BACKGROUND**

October 10, 2006, Donald Baldwin, a non-party to this action, took a loan from New Century Mortgage Corp. ("New Century"), secured by a Deed of Trust[1] on certain real property located in Peoria, Arizona (the "Property"). (Doc. 1, "Complaint".) The Deed of

---

[1] A court may take judicial notice of matters of public record without converting a motion to dismiss into a motion for summary judgment. *Lee v. City of Los* Angeles, 250 F.3d 668, 689 (9th Cir. 2001). Because the exhibits attached to Defendants' motion to dismiss are public records, the Court may properly take judicial notice of the undisputable facts contained therein. The Court may also consider the attachments because the complaint refers to the attached exhibits, they are central to one of the plaintiff's claims, and no party questions their authenticity. *See e.g., Townsend v. Columbia Operations*, 667 F.2d 844, 848-49 (9th Cir. 1982); *BioD, LLC v. Amnio Tech.*, No 2:13-cv-1670-HRH, 2014 WL 11515617, at *2 n.11 (D. Ariz. Jul. 22, 2014).

Trust identified Mortgage Electronic Registration Systems, Inc. ("MERS") as "the beneficiary under this Security Agreement." Shortly thereafter, New Century filed for bankruptcy, (*Id.* § X), and New Century's assets were transferred to New Century TRS Holdings, Inc., which also subsequently filed for bankruptcy. (*Id.* §§ XI, XII.) Five years passed until, on September 5, 2012, MERS, as nominee and beneficiary for the, now-bankrupt, New Century, recorded an assignment of the Deed of Trust to Defendant U.S. Bank. (*Id.* § XIV, Ex. B.) Late in 2013, Mr. Baldwin and U.S. Bank's loan servicer, Wells Fargo (d/b/a America's Servicing Company), agreed to a loan modification. (*Id.* §§ XV, XVIII; *see also* Mot. Ex. 3, "Home Affordable Modification Agreement".) The resulting modification, entitled the "Home Affordable Modification Agreement," affirmed the validity of the Note and Deed of Trust. (*See* Mot. Ex. 3 at 4, ¶¶ E, F (stating that "all terms and provisions of the Loan Documents, except as expressly modified by this Agreement, remain in full force and effect").)

Around April 6, 2018 Plaintiff acquired its own beneficial interest to a deed of trust also secured by the Property and executed by Mr. Baldwin on August 24, 2007. (Complaint ¶ II.) Plaintiff filed for foreclosure on this second deed of trust (hereinafter, the "Junior Lien"). Plaintiff obtained a judgment of foreclosure directing a sheriff's sale of the property, and on March 19, 2019, successfully bid for the Property and received a deed transferring ownership of the Property to Plaintiff. (*Id.* ¶¶ V, VI.) Separately, Wells Fargo, the aforementioned servicing agent for U.S. Bank, substituted Quality Loan Service Corporation ("Quality Loan") as the successor trustee under the Deed of Trust. (*Id.* ¶ XVI; *see also* Complaint, Ex. C.) On May 20, 2019, Quality Loan filed a Notice of Trustee's Sale for the Property.

On August 12, 2019, Plaintiff filed the instant action seeking declaratory relief based on an unfulfilled demand for Mr. Baldwin's payment history and an assertion that Defendants lacked authority to conduct the Trustee's Sale. (Doc. 1.)

**II.     LEGAL STANDARD**

To survive a Rule 12(b)(6) motion for failure to state a claim, a complaint must meet

the requirements of Rule 8(a)(2). *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2007). Rule 8(a)(2) requires a "short and plain statement of the claim showing that the pleader is entitled to relief," so that the defendant has "fair notice of what the . . . claim is and the grounds upon which it rests." Fed. R. Civ. P. 8(a)(2); *Twombly*, 550 U.S. at 555 (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Dismissal under Rule 12(b)(6) "can be based on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). A complaint that sets forth a cognizable legal theory will survive a motion to dismiss if it contains sufficient factual matter, which, if accepted as true, states a claim to relief that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 570). Facial plausibility exists if the pleader sets forth "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

In ruling on a Rule 12(b)(6) motion to dismiss, the well-pled factual allegations are taken as true and construed in the light most favorable to the nonmoving party. *Cousins v. Lockyer*, 568 F.3d 1063, 1067 (9th Cir. 2009). However, legal conclusions couched as factual allegations are not given a presumption of truthfulness, and "conclusory allegations of law and unwarranted inferences are not sufficient to defeat a motion to dismiss." *Pareto v. FDIC*, 139 F.3d 696, 699 (9th Cir. 1998). A court ordinarily may not consider evidence outside the pleadings in ruling on a Rule 12(b)(6) motion to dismiss. *See United States v. Ritchie*, 342 F.3d 903, 907 (9th Cir. 2003). "A court may, however, consider materials—documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice—without converting the motion to dismiss into a motion for summary judgment." *Id.* at 908.

### III. DISCUSSION

#### a. Standing

"In essence the question of standing is whether the litigant is entitled to have the

court decide the merits of the dispute or of particular issues." *Warth v. Seldin*, 422 U.S 490, 498, 95 S.Ct. 2197, 45 L.Ed.2d 343 (1975). When resolving disputes of standing, courts are bound by Article III of the United States Constitution, which limits the "judicial power" to the resolution of "cases" and "controversies." *See Valley Forge Christian Coll. v. Ams. United for Separation of Church and State, Inc.*, 454 U.S. 464, 470-71, 102 S.Ct. 752, 70 L.Ed.2d 700 (1982). In order to have standing, a plaintiff must have suffered an "injury in fact." *Id.* at 473. Further, he bears the burden of proving that (1) he has suffered " 'an injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged act of defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S.Ct. 693, 145 L.Ed. 2d 610 (2000) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61, 112 S.Ct. 2130, 119 L.Ed.2d 351 (1992)).

i. Plaintiff Lacks Standing

Defendants' challenge to Plaintiff's standing touches on three related topics. As a starting point, Defendants argue that because Plaintiff was not party to the assignment or underlying loan transaction, it cannot demonstrate a concrete, particularized injury fairly traceable to the assignment required to establish standing. (Mot. at 4-6.) Defendants next argue that neither the securitization of the Deed of Trust, nor any alleged impropriety in the timing of the assignment affects the validity of the assignment grants Plaintiff standing to challenge the foreclosure. (*Id.* at 6-10.)

Plaintiff responds primarily with one case: *Steinberger v. McVey ex rel. Cnty. of Maricopa*, 234 Ariz. 125, 318 P.3d 419 (Ariz. App. 2014).[2] Plaintiff reads *Steinberger* to "specifically address[]" that an owner of property, not party to a deed of trust being foreclosed, "has standing to contest the validity of the trustee's sale." (Resp. at 1.) *Steinberger*'s holding was not so expansive. Namely, and as Defendants' observe,

---

[2] Plaintiff also points to out-of-state cases it believes establish third party standing. (Resp. at 5-6.) The Court addresses those cases within. *See infra* at 5.

- 4 -

*Steinberger* limited its holding to "borrowers" or "trustors." *Id.* at 136, 318 P.3d at 430 (holding that "if a borrower is in default and possess a good faith basis to dispute the authority of an entity to conduct a trustee's sale, the borrower should not be prohibited from challenging its authority simply because such action may slow down the foreclosure process"). Plaintiff, a non-party to the Deed of Trust or its subsequent assignment, is neither. Unlike the *Steinberger* borrower, Plaintiff has not assumed the U.S. Bank loan or made payments on it; it has not requested loan modifications or in any meaningful way acted as the borrower. The most that can be said is that Plaintiff's interest in the Property— as a junior lienholder and current owner—overlaps with Defendants. That Plaintiff acquired an independent interest in (and later purchased) the Property, does not transform it into a "borrower" or "trustor" under the Deed of Trust. Nor should Plaintiff be treated as a "borrower" like the *Steinberger* plaintiff who, after inheriting her deceased father's home and assuming the mortgage, purposefully defaulted on the home loan subject to the later foreclosed deed of trust. *See id.* at 129-30. Merely because Plaintiff can point to a junior interest in the Property, wholly independent of and junior to Defendants' interest, does not confer standing to enjoin Defendants' foreclosure on the Deed of Trust to which Plaintiff otherwise lacks all connection.

Aside from citing *Steinberger* and a pair of out-of-state cases, Plaintiff largely avoids addressing Defendants' challenge to Plaintiff's standing. The substance of that challenge is relatively straightforward. As a party with no connection to the underlying loan transaction or assignment of the Deed of Trust, it is difficult for Plaintiff to "demonstrate a concrete and particularized injury in fact." *In re Mortg. Elec. Registration Sys. (MERS) Litig.*, No. CV 10-1547-PHX-JAT, 2012 WL 932625, at *4 (D. Ariz. Mar. 20, 2012); *see also Robertson v. DLJ Mortg. Capital, Inc.*, No. CV-12-9033-PCT-LOA, 2012 WL 4840033, at *10 (D. Ariz. Oct. 11, 2012). Tougher still is showing that such injury "is fairly traceable to [a] challenged assignment" to which Plaintiff has no relation. *See id.* It is unclear how, in fact, Plaintiff is injured. In its response, Plaintiff briefly concludes that "injury in this case" is "obvious." (Resp. at 9.) That passing remark hardly

affirms that Plaintiff has suffered, or will imminently suffer a concrete, particularized injury. *See Friends of the Earth, Inc.*, 528 U.S. at 180-81, 120 S.Ct. 693. And interest is not injury. That is, merely because Plaintiff is *affected* by foreclosure does not mean that he is injured, much less that the injury is fairly traceable to the challenged assignment. *See Henkels v. JP Morgan Chase Bank, Nat'l Assoc.*, No. CV 11-00299-PHX-JAT, 2012 WL 10380, at *3 (D. Ariz. Jan. 3, 2012) ("The identity of the party who initiated these proceedings (whether Defendant [or] its purported assignee) does not change Plaintiff's injury and thus, Plaintiff's injury cannot be traced to the alleged fraudulent transfer of the note."). Holding an interest in the Property does not automatically create a standing-conferring injury. Plaintiff's struggle to identify an "injury in fact" is noteworthy, if unsurprising considering Plaintiff's lack of connection to the Deed of Trust or its later assignment.

>  ii.  Challenges to the Assignment

To buttress its standing to contest the foreclosure proceedings, Plaintiff attempts to poke holes in the validity of the assignment to U.S. Bank on multiple grounds. Anticipating Plaintiff's arguments, Defendant maintains that any claim the assignment was improper due to securitization must fail as a matter of law "because securitization does not impact borrowers' rights and obligations under their loan agreements." (Mot. at 5.) After all, they say, courts consistently reject such claims.[3]

This "miss[es] the point," Plaintiff argues. (Resp. at 7.) From Plaintiff's

---

[3] On this point, Defendants are correct. Securitization, which "involves the transfer[] of the promissory note by sale to an asset portfolio in some form of structured investment vehicle" is commonly dismissed as a ground upon which to challenge the validity of an underlying loan agreement. *Jones v. Countrywide Homeloan*, No. 11-405 AWI JLT, 2011 WL 2462845, at *5 (E.D. Cal. June 17, 2011); *see also Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1374 (N.D. Ga. 2011) ("In the securitization process, ownership of a note might be transferred four or five times, from the original lender to the issuer of the securities, through one or more special purpose entities, and finally to the trustee bank, which holds the legal interest in the note for the benefit of the securities holders."); *Kuc v. Bank of Am.., N.A.*, No. 12-08024-PCT-FJM, 2012 WL 1268126, at *3 (D. Ariz. Apr. 16, 2012) ("[T]he theory that securitization renders the Deed of Trust unenforceable has been repeatedly rejected."); *Schultz v. BAC Home Loan Servicing, LP*, No. CV-11-00558-PHX-NVW, 2011 WL 3684481, at *2 (D. Ariz. Aug. 23, 2011) ("[C]hallenges to the legitimacy of the securitization process . . . and other iterations of the 'show me the note' theory have been repeatedly rejected in this district.").

perspective, the "issue of the assignment" is relevant because the Deed of Trust "was not assigned to the securitized Trust until . . . after the holder of the Promissory Note . . . had gone through bankruptcy," thus raising doubts as to "the authority of Quality Loan Service Corporation to conduct a Trustee's sale." (*Id.*)  New Century's legal status is a red herring. The Deed of Trust granted MERS, as New Century's nominee and beneficiary, (*see* Mot. at 20), the right to assign the Deed of Trust without regard to a change in New Century's legal status.  *See Sitton v. Deutsche Bank Nat'l Trust Co.*, 233 Ariz. 215, 221, 311 P.3d 237, 243 (Ariz. App. 2013) ("'[T]he fact that the debtors' promissory note passed like a hot potato down a line of owners, including some in bankruptcy and liquidation, with no accompanying assignment of the note owner's beneficial interest in the mortgage, changes nothing,' because 'MERS remained the mortgagee in its capacity as trustee and as nominee for whomever happened to own the note.'") (quoting *Rosa v. Mortgage Electronic Sys., Inc.*, 821 F.Supp.2d 423, 431 (D. Mass. 2011)).

Similarly, challenging MERS's authority to effectuate the assignment gets Plaintiff nowhere.  Characterizing MERS as merely "administrative mechanism to eliminate paperwork," Plaintiff asserts that courts have "clearly held" MERS lacks the power to effectuate a valid assignment. (Resp. at 5.)  Tellingly, Plaintiff cites no case applying Arizona law to support this argument, declines from grappling with Defendants' cited cases applying Arizona law, and instead points to case law from other states.  Plaintiff's reliance on three out of state cases—*Morgan v. Ocwen Loan Servicing, LLC*, 795 F. Supp. 2d 1370, 1374 (N.D. Ga. 2011), *Green Tree Servicing LLC v. Asterino-Starcher*, 97 N.E.3d 525 (Ct. App. Ohio, 2018) (applying the state law of Ohio) and *Kirk v. MacDonald*, 21 Mass. App. Ct. 21, 483 N.E.2d 832 (1985) (applying Massachusetts state law)—is misplaced.  These authorities apply the laws of Georgia, Ohio and Massachusetts, turn on application of statutory provisions not at issue, and are not controlling.  Nor are they particularly persuasive here.  This is especially so given the seemingly contrary holdings in Defendants' in-state cases.  *See e.g., Sitton*, 233 Ariz. at 221; *Emmons v. Select Portfolio Servicing, Inc.*, No. CV-16-00557-TUC-JGZ, 2017 WL 6882966, at *5 n.12 (D. Ariz. June 14, 2017)

(noting that the lenders bankruptcy "did not affect MERS' ability to act as . . . nominee"); *Standish v. Encore Credit Corp.*, No. CV-13-01819-PHX-DGC, 2014 WL 232021, at *3 (D. Ariz. Jan. 22, 2014) (listing cases); *Famili v. Wells Fargo Bank NA*, No. CV-13-00702-PHX-DGC, 2013 WL 6731135, at *4 (D. Ariz. Dec. 19, 2013) ("[C]ourts repeatedly have held that MERS has authority to act as a lender's agent and take action on its behalf, and have rejected the premise that MERS is a 'sham beneficiary.'").

Relatedly, Plaintiff's concern with the timing of the assignment is unavailing. Indeed, even assuming Plaintiff's suspicions are accurate, a flawed assignment would render the transfer voidable, not void. *In re Turner*, 859 F.3d 1145, 1149 (9th Cir. 2017); *see also Dahnken v. Wells Fargo Bank, NA*, 705 Fed.Appx. 508, 510 ("The weight of authority now holds that an untimely assignment to a securitized trust, made after the securitized trust's closing date, is not void but merely voidable."). The validity of that voidable assignment would not affect whether the Property is subject foreclosure under to the Deed of Trust, but rather who holds the right to foreclose. *See In re MERS Litig.*, 2012 WL 932625, at *3 ("Borrower certainly has an interest in avoiding foreclosure. But the validity of the assignments does not affect whether Borrower owes its obligation, but only to whom Borrower is obligated.") (citing *Bridge v. Aames Capital Corp.*, No. 1:09 CV 2947, 2010 WL 3834059, at *3 (N.D. Ohio Sep. 29, 2010)).

### b. "Show me the Note" Claim

Defendants also contend that Plaintiff's "show me the note" claim is not cognizable under Arizona law. (Mot. at 6.) That is, Arizona does not burden a lender or beneficiary to produce the original note (or any other documents) before proceeding with a non-judicial foreclosure. *See Standish*, 2014 WL 232021, at *3 (citing *Hogan*, 277 P.3d at 782) (holding that compliance with Arizona's statutes authorizing non-judicial foreclosure requires a trustee only to record an instrument demonstrating it was the successor in interest to the original trustee); *Hensley v. Bank of N.Y. Mellon*, No. CV-12-01248-PHX-JAT, 2013 WL 791294, at *5 (D. Ariz. Mar. 4, 2013) (holding a beneficiary under a deed of trust is not obligated to "show ownership or otherwise document its right to enforce" the note

before a non-judicial foreclosure). Courts routinely hold that such "show me the note" arguments lack merit. *See Diessner v. Mortgage Elec. Registration Sys.*, 618 F. Supp. 2d 1184, 1187 n.15 (D. Ariz. 2009) (listing cases). With this, Plaintiff does not argue. But, Plaintiff continues, simply by questioning the validity of a note holder's ownership everything changes. (Resp. at 7-8.) That is because Plaintiff reads *Hogan*, *Steinberger*, and *Best Fertilizers of Arizona, Inc. v. Burns*, 117 Ariz. 178, 571 P.2d 675 (Ariz. App. 1977), *reversed on other grounds*, 116 Ariz. 492, 570 P.2d 179 (Ariz. 1977) to establish that, once a party challenges the ownership of a promissory note, the foreclosing party must prove it and either produce the note or provide other evidence establishing its right to foreclose. (Resp. at 7-8.) Plaintiff is incorrect; they do not. Defendants point out what other courts have recognized—*Hogan* did not reach this issue.[4] *See Hensley*, 2013 WL 791294, at *5 (dismissing a plaintiff's poorly disguised "show me the note" claims). *Best Fertilizers of Arizona* focuses on the discharge of debt when an obligor under a note acquires the beneficial interest of that note and simply does not address whether promissory note must be evidenced prior non-judicial foreclosure. 117 Ariz. at 179, 571 P.2d 675. *Steinberger* did not involve a "show me the note" claim because, unlike here, the plaintiff sought compliance with the note and deed of trust, not production of documents evidencing their validity. 234 Ariz. at 141, 318 P.2d at 435.

Plaintiff fails to raise a cognizable legal theory supporting its demand that Defendants produce the promissory note. Accordingly, this claim will be dismissed.

### c. Request for the Loan's Payment History

Lastly, Plaintiff argues it is entitled to an accounting pursuant to A.R.S. § 813 (C). (Resp. at 8.) Beyond a bare claim of entitlement to an accounting and citation to § 813 (C), Plaintiff does not explain its legal theory or address Defendants' substantive arguments. In

---

[4] *Hensley* is instructive. 2013 WL 791294, at *5. Rejecting strikingly similar arguments to those Plaintiff proffers here, the *Hensley* court refused to read the *Hogan* court's observation that the plaintiff had not questioned whether the beneficiaries were the owners of the notes in question for an affirmative holding that "the entire case hinged on the absence of this allegation." *Id.* Here, as the *Hensley* court previously determined, "[t]he statement on which Plaintiff . . . relies was merely an alternative holding pointing out that in addition to failing on the merits, the plaintiff in *Hogan* never even made allegations sufficient to support his arguments." *Id.*

Arizona, "[t]here is no statutory requirement that a trustor be supplied with a complete accounting." *Kelly v. NationsBanc Mortgage Corp.*, 199 Ariz. 284, 17 P.3d 790, 792-93 (Ariz. Ct. App. 2000). Plaintiff certainly cites no authority to establish that a third-party non-borrower, like itself, has a legal right to enjoin a trustee's sale based on a demand for payment history of a loan. *Cf. Badger v. Mrtg. Elec. Registration Sys. Inc.*, No. CV-11-08094-PCT-NVW, 2011 WL 3156325, at *5 (D. Ariz. July 27, 2011) (determining that a debtor-creditor relationship is not a fiduciary relationship that requires an accounting under Arizona law). A junior lienholder like Plaintiff does have other options—it is "entitled to an assignment of all the interest of the holder of the . . . deed of trust by paying [] the amount secured, with interest and costs." A.R.S. § 33-723; *cf. Frame v. Cal-Western Reconveyance Corp.*, No. CV-11-0201-PHX-JAT, 2011 WL 3876012, at *7-8 (D. Ariz. Sept. 2, 2011); *Frazer v. Millennium Bank, N.A.*, No. 2:10-cv-01509, 2010 WL 4579799, at *4-5 (D. Ariz. Oct. 29, 2010). As Plaintiff cites no authority to support its demand for an accounting, this claim will also be dismissed.

### d. Futility of Amendment

Plaintiff did not request leave to file an amended complaint in the event that Defendants' Motion to Dismiss is granted. In the Ninth Circuit, granting a party leave to amend is appropriate "unless the court determines that the pleading could not possibly be cured by the allegations of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). That is, the "general rule that parties are allowed to amend their pleadings . . . does not extend to cases in which any amendment would be an exercise in futility or where the amended complaint would also be subject to dismissal." *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir. 1998) (citations omitted). Thus, "[f]utility alone can justify a court's refusal to grant leave to amend." *Novak v. United States*, 795 F.3d 1012, 1020 (9th Cir. 2015). Although Plaintiff does not request leave to amend its initial complaint, the Court finds that amendment futile because Plaintiff cannot establish standing and its claims depend on legal theories that have been repeatedly rejected by courts in this district and others. Thus,

while leave to amend should be freely given "when justice so requires," Fed. R. Civ. P. 15(a)(2), Plaintiff does not merit leave to amend in this instance. As "the pleading could not possibly be cured by the allegations of other facts," *Lopez*, 203 F.3d at 1127, Plaintiff's claims will be dismissed with prejudice.

### IV. CONCLUSION

Accordingly,

**IT IS ORDERED GRANTING** Defendants' Motion to Dismiss, (Doc. 14), and DISMISSING Plaintiff's Complaint, (Doc. 1), with prejudice.

**IT IS FURTHER ORDERED** DIRECTING the Clerk of Court to enter Judgment and terminate this case.

Dated this 19th day of May, 2020.

_____
Honorable Susan M. Brnovich
United States District Judge